IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHANIKA NEWTON**                                                              **PLAINTIFF**

**v.**                                                        CIVIL ACTION NO.  3:22-cv-165-DPJ-FKB

**UNIVERSITY OF MISSISSIPPI**
**MEDICAL CENTER; CLAUDETTE**                               **DEFENDANTS**
**HATHCOCK; and, PAIGE LAWRENCE**                   **(JURY TRIAL DEMANDED)**

## COMPLAINT

When Shanika Newton's father died, she suffered from depression. She requested leave from work. Her employer granted the leave - as it was required to under the law - but then sought a pretext to terminate Ms. Newton. When it fired Ms. Newton, it claimed she had misused her badge. The facts showed this was false. For these reasons, COMES NOW THE PLAINTIFF and alleges as follows:

## PARTIES

1. Defendant University of Mississippi Medical Center (UMMC) is a public teaching hospital which has its principal office in Hinds County, Mississippi.

2. Defendant UMMC receives federal funding.

3. In exchange for receiving federal funding, UMMC has waived Eleventh Amendment and other immunity from suit in this Court under the Rehabilitation Act of 1973 (Rehab Act).

4. Defendant UMMC is subject to Section 504 of the Rehab Act.

5. Defendant Claudette Hathcock is UMMC's director of human resources.

6. Defendant Paige Lawrence is the assistant administrator and chief nursing officer at Defendant UMMC's Holmes County facility.

7. Defendants Hathcock and Lawrence are "employers" as defined by the Family and Medical Leave Act of 1993 (FMLA). *See Modica v. Taylor*, 465 F.3d 174 (5th Cir. 2006).

8. Defendants Hathcock and Lawrence are not an "arm of the state" and have no Eleventh Amendment immunity.

9. Plaintiff Shanika Newton is a former employee of Defendants UMMC, Hathcock, and Lawrence.

## JURISDICTION, VENUE, AND JURY DEMAND

10. Jurisdiction is proper in this honorable Court under 28 U.S.C. § 1331 because this claim arises under federal law, specifically the Rehab Act and the FMLA.

11. Venue is proper in this honorable Court under 28 U.S.C. § 1391 because all work at issue was located in and around Hinds County, Mississippi.

12. Plaintiff demands a trial by jury on all issues so triable.

## FACTS

13. Plaintiff started work for Defendant UMMC on or around September 19, 2007.

14. Plaintiff worked for Defendant UMMC as a licensed practical nurse (LPN).

15. Plaintiff worked at Defendant's Holmes County facility.

16. In or around May 2021, Plaintiff's father died.

17. This loss caused Plaintiff to develop depression.

18. This depression substantially interfered with Plaintiff's ability to perform the major life activities of sleeping, caring for herself, and working.

19. This depression substantially interfered with the major life activity of the major bodily functions of Plaintiff's brain and neurological system.

20. This depression was a disability as defined by the Rehab Act.

21. Because of this disability, Plaintiff requested paid medical leave.

22. Defendants did not know of Plaintiff's disability before her request for paid medical leave.

23. After this request for leave, the Defendants became aware of Plaintiff's condition.

24. At this point, Plaintiff was "regarded as" disabled as defined by the Rehab Act.

25. This request for paid medical leave was a request for a reasonable accommodation under the Rehab Act.

26. This request for paid medical leave also invoked Plaintiff's rights under the FMLA.

27. Ultimately, Plaintiff took paid medical leave from around May 5, 2021, to around June 29, 2021.

28. Defendant approved this leave and designated it as FMLA leave.

29. Plaintiff returned to work on or around June 30, 2021.

30. On or around July 2, 2021, Defendant UMMC suspended Plaintiff without pay.

31. Defendants Hathcock and Lawrence were the specific employees of Defendant UMMC who suspended Plaintiff without pay.

32. Defendants Hathcock and Lawrence told Plaintiff that she was being suspended for misusing her badge and for disobeying Defendant UMMC's visitation policy.

33. Specifically, Defendants accused Plaintiff of improperly using her badge during a personal visit to Defendant UMMC's Jackson facility on or around April 30, 2021.

34. Plaintiff never used her badge in violation of Defendant UMMC's policies.

35. Defendants also accused Plaintiff of bypassing the COVID-19 screening and log-in on April 3, 2021, April 19, 2021, and May 5, 2021.

36. Plaintiff was not aware of Defendant UMMC's COVID-19 policies.

37. Plaintiff never violated Defendant UMMC's COVID-19 policies.

38. Defendants did not give Plaintiff an opportunity to defend herself before they made the decision to suspend Plaintiff without pay.

39. After Defendants Hathcock and Lawrence had informed Plaintiff of their decision, they gave Plaintiff an opportunity to defend herself.

40. Plaintiff told Defendants Hathcock and Lawrence that she had not violated any policies.

41. Nevertheless, Defendants decided to maintain their suspension of Plaintiff without pay.

42. On or around July 14, 2021, Defendants Hathcock and Lawrence called Plaintiff.

43. In this conversation, Defendants Hathcock and Lawrence informed Plaintiff that she was being terminated effective immediately.

44. Defendants Hathcock and Lawrence explained that Plaintiff was being terminated for the alleged abuse of her badge and violation of COVID-19 policy.

45. Before Plaintiff's suspension without pay and termination, Defendants had never provided Plaintiff with any discipline or warnings concerning the policies Plaintiff allegedly violated.

46. Defendant UMMC has a progressive discipline policy.

47. Defendants failed to follow that progressive discipline policy by terminating Plaintiff without any prior discipline or warnings.

48. Defendants' stated reasons for suspending and terminating Plaintiff were pretextual.

49. In truth, Defendants terminated Plaintiff on the basis of her disability, or her "regarded as" disability.

50. Alternatively, Defendants terminated Plaintiff in retaliation for requesting a reasonable accommodation.

51. Alternatively, Defendants terminated Plaintiff in retaliation for making use of a reasonable accommodation.

52. Alternatively, Defendants terminated Plaintiff in retaliation for using FMLA leave.

53. After Plaintiff's termination, Plaintiff filed for unemployment with the Mississippi Department of Employment Security (MDES).

54. The matter was fully litigated.

55. MDES found in favor of Plaintiff and against Defendant UMMC.

56. MDES's ruling is entitled to preclusive effect against Defendants as to the facts decided by MDES.

## CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION UNDER THE REHAB ACT

57. This claim is only brought against Defendant UMMC.

58. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

59. Per the Rehab Act, Defendant UMMC is prohibited from discriminating against an employee because of that employee's disability.

60. Here, Plaintiff's depression is a disability.

61. Alternatively, Plaintiff was "regarded as" disabled by UMMC because of her medical condition.

62. Here, Defendant UMMC suspended Plaintiff without pay and terminated Plaintiff after it learned of Plaintiff's disability.

63. Here, Defendant UMMC suspended Plaintiff without pay and terminated Plaintiff because of Plaintiff's disability.

64. With these discriminatory actions, Defendant UMMC violated the law.

65. In doing so, Defendant UMMC harmed Plaintiff.

## COUNT II: RETALIATION UNDER THE REHAB ACT

66. This claim is only brought against Defendant UMMC.

67. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

68. Per the Rehab Act, Defendant UMMC is prohibited from retaliating against an employee because of that employee's engaging in protected activity.

69. Protected activity includes requesting reasonable accommodations and making use of reasonable accommodations.

70. Here, Plaintiff requested a reasonable accommodation when she asked for unpaid medical leave.

71. Here, Plaintiff made use of a reasonable accommodation when she took unpaid medical leave.

72. After Plaintiff requested and made use of this reasonable accommodation, Defendant UMMC suspended Plaintiff without pay and terminated Plaintiff.

73. Defendant UMMC suspended Plaintiff without pay and terminated Plaintiff because Plaintiff requested a reasonable accommodation.

74. Alternatively, Defendant UMMC suspended Plaintiff without pay and terminated Plaintiff because Plaintiff made use of a reasonable accommodation.

75. Through this retaliation, Defendant UMMC violated the law.

76. In doing so, Defendant UMMC harmed Plaintiff.

## COUNT III: RETALIATION UNDER THE FMLA

77. This claim is only brought against Defendants Hathcock and Lawrence.

78. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

79. Per the FMLA, Defendants Hathcock and Lawrence are prohibited from retaliating against an employee for taking FMLA leave.

80. Here, Plaintiff took FMLA leave.

81. When Plaintiff returned from FMLA leave, Defendants Hathcock and Lawrence suspended Plaintiff without pay and terminated Plaintiff..

82. Defendants Hathcock and Lawrence suspended Plaintiff without pay and terminated Plaintiff because Plaintiff took FMLA leave.

83. Through this retaliation, Defendants Hathcock and Lawrence violated the law.

84. In doing so, Defendants Hathcock and Lawrence harmed Plaintiff.

COUNT IV: INTERFERENCE UNDER THE FMLA

85. This claim is only brought against Defendants Hathcock and Lawrence.

86. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

87. Per the FMLA, Plaintiff was entitled to return to her position after her FMLA leave.

88. Here, Defendants Hathcock and Lawrence suspended Plaintiff without pay only two days after Plaintiff returned from FMLA leave.

89. After this suspension, Defendants Hathcock and Lawrence never allowed Plaintiff to return to work before they terminated Plaintiff.

90. With this suspension without pay and termination, Defendants Hathcock and Lawrence interfered with Plaintiff's rights under the FMLA.

91. Through this interference, Defendants Hathcock and Lawrence violated the law.

92. In doing so, Defendants Hathcock and Lawrence harmed Plaintiff.

REMEDIES

93. Plaintiff seeks all remedies available, including but not limited to the following:

   a. Back pay;

   b. Reinstatement and/or front pay, as appropriate;

   c. Liquidated damages;

   d. Compensatory damages for emotional distress and any other non-pecuniary harms flowing from Defendant's unlawful actions;

   e. Consequential damages and any other pecuniary harms flowing from Defendant's unlawful actions;

   f. Punitive damages commensurate with the misconduct and necessary to deter future violations of the law;

   g. Pre- and post-judgment interest;

   h. Attorney fees;

   i. Costs;

   j. An injunction curing Defendant's unlawful actions and prohibiting any future similar actions;

   k. Notice given to all employees regarding the violations found by this Court, and notifying such employees of the order entered proscribing any future similar violations;

   l. Any other equitable relief as this honorable Court deems appropriate.

   m. A final judgment declaring that Defendant's treatment of Plaintiff was unlawful; and/or,

   n. Any other relief available under any applicable principle of law or equity.

Respectfully submitted on March 28, 2022,

SHANIKA NEWTON, Plaintiff

By:                                      */s/ Jay Kucia*  
                                          Joel F. Dillard (MSB No. 104202)  
                                          Jay Kucia (MSB No. 106213)  
                                          *Counsel for Plaintiff*

OF COUNSEL:

JOEL F. DILLARD, P.A.
775 N. Congress St.
Jackson, MS 39202
Telephone: 601-509-1372 (Ext. 2, Joel) (Ext. 1, Jay)
Facsimile: 601-509-1372
Emails: joel@joeldillard.com (Joel)
jay@joeldillard.com (Jay)